IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. IV) | Consolidated Under MDL DOCKET NO. 875 |
| BENJAMIN HILL CARTER, JR. | E.D. PA Civil Action No. 09-cv-74351* |
| v. | |
| FIBERBOARD CORP., et al. | Transferor Court: S.D. Georgia 91-00164 |

### ORDER

AND NOW, this ____ day of _____, 2012, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby **ORDERED** that:

Defendant CSX Transportation's Motion to Strike the Rebuttal Expert Report of Dr. James Millette [See Docket #23] is **GRANTED**. This expert report fails to directly rebut the Defendant's experts and Plaintiffs have presented no justification for a delayed expert report.

BY THE COURT:

_____
EDUARDO C. ROBRENO,      J.

* This ruling applies to all of the cases in which Dr. Millette has been offered as a "rebuttal" expert as identified in Exhibit "A."

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. IV) | Consolidated Under MDL DOCKET NO. 875 |
| BENJAMIN HILL CARTER, JR. | E.D. PA Civil Action No. 09-cv-74351x |
| v. | 10-60978-Rule Transferor Court: |
| FIBERBOARD CORP., et al. | S.D. Georgia 91-00164 |

FILED
FEB - 8 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## REPORT AND RECOMMENDATION ON DEFENDANT CSX TRANSPORTATION'S MOTION TO STRIKE EXPERT REPORT OF DR. JAMES MILLETTE

M. FAITH ANGELL, U.S.M.J                                    February 7, 2011

Plaintiffs filed the instant FELA asbestos actions alleging negligence against employer railroad based on exposure to asbestos during their employment. Presently before the court is a motion to strike the expert report of Dr. James Millette filed by Defendant CSX Transportation Inc.[1] For reasons stated herein, I recommend that defendant's motion be GRANTED.

I. **FACTUAL BACKGROUND**

Plaintiffs in these various cases were employees of defendant CSX Transportation Inc. (CSXT), during which time plaintiffs allege the company negligently exposed them to asbestos.[2] Plaintiffs allege that they contracted asbestos-related diseases as a result of exposure and bring their negligence claims under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

---

[1]This order applies to all such actions, whose names and numbers are appended to this order as Exhibit "A."

[2]All of the cases at issue were originally filed in the Southern District of Georgia by Roger B. Lane, Esq. These cases appear in the Eastern District of Pennsylvania as part of MDL 875 and its associated administrative orders.

Plaintiffs provided CSXT with expert reports from several medical doctors prior to the Court's August, 2010 deadline.[3] Defendant, CSXT also gathered various expert reports which it provided to Plaintiffs prior to the imposed deadline. Subsequently, on January 28, 2011, Plaintiffs provided Defendant with the Rebuttal Expert Report of Dr. James Millette, an industrial hygiene expert. Dr. Millette had never before been identified but his report is identified as rebuttal to Defendant experts Dr. Morton Corn and Larry Liukonen.

## II. LEGAL STANDARDS

### A. Standard for Striking Rebuttal Expert Witness Reports

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to other parties, "the identify of any witness it may use..." when disclosing expert testimony and, that witness must then provide a "disclosure [that] must be accompanied by a written report-prepared and signed by the witness-if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (I) a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. Rule. Civ. Pro. 26(a)(2)(A); 26(a)(2)(B)(I).

As is the case here, when a court's scheduling order allows rebuttal reports, a party may only submit an expert rebuttal "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. Pro. 26(a)(2)(c). Additionally, it is within the trial court's discretion to limit rebuttal testimony to only that which

---

[3] Plaintiff's expert reports of Drs. Sharpe and Najjar were previously not admitted under Rule 56 of the Federal Rules of Civil Procedure

rebuts new matters or opinions presented by the defendant's case-in-chief. *Upshur v. Shepherd*, 538 F.Supp. 1176, 1180 (E.D.Pa., 1982); *aff'd* 707 F.2d 1396 (3d Cir. 1983)(citing *Bowman v. General Motors Corp.*, 427 F. Supp. 234, 240 (E.D.Pa. 1977)). "It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984).

Failures to disclose are governed by Rule 37(c)(1) which states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e)(1) the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless, the failure was substantially justified or is harmless." Fed Rule Civ. Pro. 37(c)(1).

The trial court has discretion over the imposition of sanctions for abuse of discovery under Rule 37. *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d. Cir. 1995)(citing *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994)). Excluding evidence as a sanction is not typically imposed except for a showing of "willful deception or 'flagrant disregard' of a court order by the proponent of evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994)(quoting *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 905 (3d Cir. 1977)). However, four factors are used to determine whether exclusion of evidence is the appropriate sanction for failures to comply with discovery duties: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Pa. State Univ.*, 227 F.3d 133 (3d. Cir. 2000).

B.     **Federal Employers' Liability Act**

Plaintiffs allege employer negligence under Federal Employer's Liability Act, 45 U.S.C. § 51 ("FELA"). FELA creates a federal cause of action for tort claims by railway workers. FELA is to be defined "by the common law principles as established and applied in federal courts." *Urie v. Thompson*, 337 U.S. 163, 175 (1949). The Supreme Court has reaffirmed this reasoning. *See Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). Thus, when claiming negligence under FELA, as the plaintiffs here do, the standard is the same as the one for common law negligence.

Under FELA, a plaintiff must prove that his injuries resulted from defendant's negligence while working for defendant. *Fritchman v. Norfolk S. Ry. Co.*, Civil Action No. 08-2559, 2009 WL 722301 at *1 (E.D. Pa. March 17, 2009). Since specialized knowledge is necessary to prove issues of injury and causation, expert testimony is required. *Bushman v. Halm*, 798 F.2d 651, 659 (3d. Cir. 1981).

Applying FELA does not change the requirement for expert testimony. *In re Paoli R.R. Yard PCB Litig.*, Civil Action Nos. 86-2229, 87-1190, 87-1258, 87-3227, 2000 WL 274262 at *2-3 (E.D. Pa. March 7, 2000). Courts are vested with discretion in making admissibility determinations. *Hill v. Reederei F. Laeisz G.M.B.H. Rostock*, 435 F.3d 404, 425 (3d Cir. 2006). In addition, the admission of expert witnesses is reviewed on appeal by an abuse of discretion standard. *Feit v. Great West Life and Annuity Ins. Co.*, 271 Fed. Appx. 246 (3d Cir. 2008).

## III. **DISCUSSION**

Defendant CSXT contends that Dr. Millette's report should be stricken because it is not a rebuttal expert report but a "tardy expert disclosure" disguised "as a rebuttal opinion." Plaintiffs contend the report was served on time and concerns industrial hygiene and exposure issues which rebut the Defendant's expert reports. Additionally, Defendant states that Dr. Millette was not identified as an expert until the disclosure of this report on January 28, 2011. Defendant claims that the Plaintiffs should not be allowed to submit Dr. Millette's Rebuttal Expert Report because it would violate Rules 26 and 37 of the Federal Rules of Civil Procedure, flout the efficient administration of justice and harm the Defendant, who must take additional time and effort to review an expert report which should have been included in their initial review.

Before the court is the purported Plaintiffs' Rebuttal Expert report. I find that this report is not admissible. Firstly, Dr. Millette's report does not directly rebut the defendant's experts. While Dr. Millette, (like Defendant experts), is an expert in industrial hygiene, and his report discusses the industrial hygiene effects of asbestos, it does not address the opinions of Corn or Liukonen. Moreover, Dr. Millette makes no mention of any particular plaintiff, but instead he only mentions his review of the deposition of Robert Lee Rollins, Jr.[4] Additionally, in describing the request made by Plaintiffs' counsel, Dr. Millette wrote in his report that he was asked to "prepare an expert report concerning my opinions about asbestos exposure from gaskets and packing among railroad workers for cases pending in federal court." Dr. Millette's report does not suggest that he intended to rebut or respond to Defendant's experts.

---

[4] Both Morton Corn and Dr. Larry Liukonen's reports discuss individual plaintiffs at length, dedicating considerable thought to the individual encounters of each plaintiff.

Page 5 of 7

Secondly, the report does not comply with Rule 26 of the Federal Rules of Civil Procedure. In addition to presenting few, if any, refuting arguments made by the opposing party, Dr. Millette's report introduces new arguments for which the plaintiff has the burden. Here, while there is some discussion in both Drs. Liukonen and Millette's reports regarding gaskets, Dr. Millette provides us with additional discussion on "Asbestos packing" and "Re-suspension of Settled Asbestos Fibers." The submitted evidence is not merely intended to solely rebut on the same subject matter, but rather to offer additional expert evidence well beyond the scope of the Plaintiff's expert reports, including new opinions.

Federal Rule of Civil Procedure 37 provides substantial latitude for sanctions for the abuse of discovery. The connection between Dr. Liukonen's one mention of gaskets and Dr. Millette's exposé on gaskets and other topics is tenuous at best. More convincing is Dr. Millette's lack of reliance on information proposed by the Defendant's experts or inclusion of any particular plaintiff. Furthermore, Plaintiffs present no justification for why this information was not provided in their initial disclosures.

To allow inclusion of Dr. Millette's report would damage the Defendant's ability to respond to this expert and slow the orderly administration of justice. I conclude, therefore, that Dr. Millette's report should be stricken and Plaintiffs should be precluded from relying upon Dr. Millette's report in any motion, or at any hearing/trial of these cases.



## **RECOMMENDATION**

AND NOW, for the reasons stated above, this 7th day of February, 2012, it is RESPECTFULLY RECOMMENDED that the Defendant's Motion to Strike be GRANTED because Plaintiffs' rebuttal expert report fails to directly rebut the Defendant's experts and Plaintiffs have presented no justification for a delayed expert report.

BY THE COURT:

<u>S/M. FAITH ANGELL</u>
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By E-mail:   Hon. Eduardo C. Robreno
            Roger Lane, Esq.    attylane@bellsouth.net
            Raymond S. Baker, Esq.    sbaker@jordanlawfirm.com

## EXHIBIT "A"

| | |
|---|---|
| *Benjamin Hill Carter, Jr.* | 2:09-cv-74351-ER |
| *Bobby R. Carter, Sr.* | 2:09-cv-92628-ER |
| *Jesse Ralph Carter,* | 2:09-cv-74410-ER |
| *Orville Carter,* | 2:09-cv-74246-ER |
| *Elmon L. Courson,* | 2:09-cv-74337-ER |
| *Walter Lee Easton,* | 2:09-cv-74467-ER |
| *Robert C. Ellis,* | 2:09-cv-74484-ER |
| *Jack B. Howell,* | 2:09-cv-92610-ER |
| *Eddie Lamorris Hyers,* | 2:09-cv-74245-ER |
| *Warren Johnston, Jr.,* | 2:09-cv-92657-ER |
| *Henry H. Jones,* | 2:09-cv-92661-ER |
| *Ronald K. Regulas, Sr.* | 2:09-cv-92660-ER |
| *Raymond L. Rosenblatt,* | 2:09-cv-92640-ER |
| *George A. Shuman,* | 2:09-cv-92636-ER |
| *John M. Taylor,* | 2:09-cv-92637-ER |
| *Thomas Wilson,* | 2:09-cv-92607-ER |
| *Roscoe Wolfe,* | 2:10-cv-60978-ER |